```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HELIDA NOVACK and STUART NOVACK, guardians and parents of N.M.N., a minor<br><br>    Plaintiffs,<br><br>    v.<br><br>POLITZ DAY SCHOOL and AVRAHAM GLUESTEIN,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 10-3025 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter comes before the Court on Plaintiffs' motion,[1] filed on the afternoon of June 15, 2010, to issue a temporary restraining order ("TRO") against Defendants Politz Day School and Avraham Gluestein so that their son Nisan may graduate from the eighth grade and participate in his school's graduation ceremony on Wednesday, June 16, 2010 [Docket Item 3]. In their Complaint Plaintiffs allege discrimination under Title I and III of the Americans with Disabilities Act.[2] In addition to

---

[1] On the morning of June 16, 2010, Mr. Novack contacted the undersign's Chambers and represented that he had served his complaint and motion on Defendants. Though at this moment the Court lacks proof of service, the Court will accept Plaintiffs' representations and will address the motion on the merits.

[2] By separate Order entered today, the Court finds that Plaintiffs may proceed without prepayment of filing fees under 28 U.S.C. § 1915 and authorizing the Marshal to make service of process when Plaintiffs have completed the necessary instructions to the Marshals regarding the Defendants' names and addresses on USM Form 285.

injunctive relief, Plaintiffs seek compensatory and punitive damages for the injuries allegedly suffered.  This Court will deny their motion for injunctive relief for the reasons outlined below.  THE COURT FINDS AS FOLLOWS:

    1.  Plaintiffs, in their capacity as guardians, have brought this action on behalf of their minor son Nisan.  Nisan is a thirteen-year-old who currently attends school at Politz Day School in Cherry Hill, New Jersey.

    2.  The events leading up to this case began in fall of 2009 when Plaintiffs enrolled Nisan at Defendant Politz Day School.  According to the Complaint, from 2008 to 2009, Nisan had completed his sixth grade year at Shalom Torah Academy.  Plaintiffs allege that Defendant Gluestein had promised them that Nisan would be enrolled in the eighth grade given the college preparatory classes that he had taken the previous year.  Apparently, Defendants did not enroll Nisan in the eighth grade, as promised, but instead placed him in the seventh grade, something which Plaintiffs learned from their son in November 2009.  For the next seven months Plaintiffs attempted to have Nisan moved to the eighth grade, without success.

    3.  On Tuesday, June 15, 2010, the day before the scheduled eighth grade graduation at Politz Day School, Plaintiffs filed their Complaint and motion for injunctive relief.  They seek an order compelling Defendants to permit Nisan to graduate from the

eighth grade and participate in the graduation ceremony on Wednesday, June 16, 2010.  Plaintiffs explain through a letter that the motion for a TRO would have been filed sooner if Defendant had not led Plaintiffs to believe "that this matter would be straightened out."

    4.  Before issuing injunctive relief in the form of a TRO, the Court must consider four factors.  Such relief may only be granted if a plaintiff establishes "(1) it has a likelihood of success on the merits, (2) it will suffer irreparable harm if the injunction is denied, (3) granting preliminary relief will not result in even greater harm to the nonmoving party, and (4) the public interest favors such relief." Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006) (internal quotations and citations omitted); Hornstine v. Twp. of Moorestown, 263 F. Supp. 2d 887, 903 (D.N.J. 2006) (applying the four-factor test to analysis of TRO application).  As to the second prong, "a risk of irreparable harm is not enough.  A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (internal citations omitted).

    5.  The Court finds that Plaintiffs have failed to make a clear showing of immediate irreparable injury.  There is nothing to suggest that Nisan could not graduate from the eighth grade, should such relief be required, at some later date, after Defendants have been properly served and provided sufficient time

3

to respond.  Plaintiffs seek damages for pain and suffering, thus any pain and suffering Plaintiffs and their son might suffer due to Nisan's inability to participate in the graduation ceremony could similarly be compensated, assuming Plaintiffs can establish a valid cause of action.  Economic injury, compensable in money, is not irreparable harm.  <u>Acierno v. New Castle County</u>, 40 F.3d 645, 655 (3d Cir. 1994).  While Plaintiffs may be disappointed if Nisan is unable to participate in the June 16th ceremony, the Court finds that they have not shown irreparable injury.

6.  The current pleadings also fail to show a reasonable prospect of success on the merits.  This Court's jurisdiction, if any, is based upon a federal question under 28 U.S.C. § 1331, since there is no diversity of citizenship between the parties under 28 U.S.C. § 1332 (as all parties are citizens of New Jersey).  If there is a federal question, it is premised upon Plaintiffs' claim that the ADA entitled them to relief.  This premise for this Court's subject matter jurisdiction is doubtful because the present Complaint does not clearly allege a federal cause of action.

7.  To state a claim for discrimination under the ADA, Plaintiffs must allege that (1) they were discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any

person who owns or operates a place of public accommodation. 42 U.S.C. § 12182(a); <u>Bowers v. Nat'l Collegiate Athletic Ass'n</u>, 118 F. Supp. 2d 494, 514 (D.N.J. 2000).  While Plaintiffs have alleged that Mr. and Mrs. Novak are disabled and have generally alleged that Defendants discriminated against them and their son based on disability, they have not alleged any facts to show how the failure to place their son in the eighth grade relates to the parents' disabilities.  Plaintiffs do not allege that Nisan is disabled.

    8.  Plaintiffs' allegations are, at best, conclusory, and the Court is to disregard conclusory allegations in assessing whether a complaint states a cognizable claim.  <u>Ashcroft v. Iqbal</u>, ---U.S. ---, 129 S. Ct. 1937, 1949 (2009).  Instead, the complaint must state, as Rule 8(a)(1) & (2), Fed. R. Civ. P. require, the <u>grounds</u> for the court's jurisdiction and "a short and plain statement of the claim showing that the pleader is entitled to relief."  The factual grounds must be such that, in the context of the circumstances of the case, show the plausibility of the claim.  In the present complaint, Plaintiffs must provide the grounds for alleging that Defendants' failure to place Nisan into the eighth grade and to graduate him is the product of unlawful discrimination based on disability.  Plaintiffs will have an opportunity to cure these shortcoming by filing an amended complaint within twenty-one (21) days, or the

present complaint will be subject to dismissal for failure to state a claim upon which relief may be granted.  This requirement derives from this Court's duty to promptly screen all complaints filed in forma pauperis to determine whether the complaint should be dismissed because the action is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Here, it clearly appears that the present complaint fails to state a claim upon which relief may be granted under the ADA, but that Plaintiffs should have an opportunity to cure this defect by suitable amendment.  The Court does not dismiss the case at this time but will wait to review any proposed Amendment Complaint filed with the Clerk within fourteen (14) days).  Nevertheless, the Court finds that success on the merits of Plaintiffs' ADA claim is unlikely.

9.  Plaintiffs have failed to make a clear showing of irreparable injury or a likelihood of success on the merits and so the Court will deny their motion.  The accompanying Order shall be entered.


**June 16, 2010**                              s/ Jerome B. Simandle
Date                                           JEROME B. SIMANDLE
                                               United States District Judge

6